COMMONWEALTH *vs.* DARREN GRANT. January 13, 2010. *Sex Offender. Moot Question. Practice, Civil*, Moot case.

In September, 2006, following a jury-waived trial on the Commonwealth's petition pursuant to G. L. c. 123A, § 12, a judge in the Superior Court ruled that the Commonwealth had not met its burden of proving that the defendant was a sexually dangerous person. A judgment to that effect was entered in October, 2006. The Commonwealth appealed. The Appeals Court vacated the judgment and remanded the case to the trial judge for reconsideration. See *Commonwealth* v. *Grant*, 73 Mass. App. Ct. 471, 478 (2009). We granted the defendant's application for further appellate review. We now dismiss the appeal as moot.[1]

---

[1]We acknowledge receipt of the amicus brief submitted by the Committee for Public Counsel Services.

1. The defendant has been convicted multiple times of open and gross lewdness. In February, 2007, during the pendency of this appeal — and while he was on probation for a 2003 conviction of open and gross lewdness — the defendant was again arrested for open and gross lewdness. His probation for the 2003 conviction was revoked, and he was sentenced to a two-year term in a house of correction for that offense; he pleaded guilty to the 2007 charge, for which he was sentenced to a ten-year term of probation, to be served on and after the expiration of the sentence for the 2003 conviction.

In November, 2008, as the scheduled release date for the sentence on the 2003 conviction approached, the district attorney filed a new petition again seeking the defendant's commitment as a sexually dangerous person. Pursuant to G. L. c. 123A, § 13, in March, 2009, the defendant was examined by two qualified examiners, both of whom reported that he was *not* sexually dangerous.[2] The legal consequence of this was that the Commonwealth was unable, in 2009, to meet its burden of proving that the defendant was a sexually dangerous person. See *Johnstone, petitioner*, 453 Mass. 544, 552 (2009). Accordingly, in April, 2009, on a motion of the defendant and apparently without opposition from the Commonwealth, this new petition to commit the defendant as a sexually dangerous person was dismissed.

The defendant correctly argues that the dismissal of the 2009 petition renders this appeal moot. It is academic whether the judge in this case, in 2006, was correct in ruling as he did. The fact is that in 2009 the Commonwealth was unable to sustain its burden of proving sexual dangerousness. The focus of a sexually dangerous person proceeding — whether it is based on the Commonwealth's petition to commit an individual pursuant to G. L. c. 123A, § 12, or on an individual's petition for discharge under G. L. c. 123A, § 9 — is the person's *present* condition. See *Dutil, petitioner*, 437 Mass. 9, 16 (2002), and cases cited. If a defendant's condition in 2009 is not sexually dangerous, as reported by both qualified examiners, and the Commonwealth is unable as a matter of law to satisfy its burden of proving otherwise, the defendant cannot be (or, in the case of a discharge proceeding, cannot remain) committed. It matters not whether he was sexually dangerous in 2006.[3]

We decline the Commonwealth's invitation to decide the appeal notwithstanding its mootness. The issue is capable of repetition, as the Commonwealth claims, but it will not necessarily evade appellate review. The better course is to decide the issue, which is significant and has constitutional implications, in a live controversy. See *Lockhart* v. *Attorney Gen.*, 390 Mass. 780, 783-784 (1984) ("Where a moot issue . . . is not apt to evade review . . . we have declined to decide the issue"; also noting general "practice . . . of not unnecessarily deciding constitutional questions").

2. In dismissing the appeal as moot, we reserve judgment on the question whether G. L. c. 123A, properly construed, permits a finding of sexual dangerousness based on an individual's history of committing noncontact

---

[2]The reports of the qualified examiners were filed after the decision of the Appeals Court in the case at bar and after we had granted the application for further appellate review.

[3]Our decision in *Johnstone, petitioner*, 453 Mass. 544, 545, 553 (2009), made clear that the holding applies equally to proceedings under G. L. c. 123A, § 9, and G. L. c. 123A, § 12.

sexual offenses and his likelihood of committing only noncontact offenses in the future. Nothing in our disposition should be read as an indorsement of the Appeals Court's decision on that point. There also remains to be decided a significant question not raised in or decided by the Appeals Court, but discussed by the parties and the amicus before us: whether the statute, if construed to permit such a result, would pass constitutional muster. See *Kansas* v. *Crane*, 534 U.S. 407 (2002); *Kansas* v. *Hendricks*, 521 U.S. 346 (1997).

3. For these reasons, the Commonwealth's appeal from the Superior Court's October, 2006, amended judgment and order of discharge is dismissed as moot.

*So ordered.*

*William A. Korman* for the defendant.

*Carolyn A. Burbine*, Assistant District Attorney, for the Commonwealth.

*Brownlow M. Speer*, Committee for Public Counsel Services, for Committee for Public Counsel Services, amicus curiae, submitted a brief.