COMMONWEALTH *vs.* DANIEL D. ALMEIDA. March 21, 2014. *Sex Offender. Constitutional Law,* Sex offender. *Due Process of Law,* Sex offender, Substantive rights. *Evidence,* Sex offender. *Practice, Civil,* Sex offender, Findings by judge. *Words,* "Menace."

Following a jury-waived trial, a judge in the Superior Court determined that the defendant is a sexually dangerous person and committed him to the Massachusetts Treatment Center pursuant to G. L. c. 123A, § 14 (*d*).[1] The judge concluded that the defendant suffers from a mental abnormality that manifests itself in behavior including voyeurism and exhibitionism, and that the defendant is reasonably likely to reoffend by engaging in those same types of behaviors in the future.[2] As the judge noted, the defendant's sexual offenses are noncontact offenses. He nonetheless concluded that the defendant is likely to engage in sexual offenses in the future "to a degree that makes him a menace to the health and safety of other persons" if he is not confined to a secure facility.

---

[1]General Laws c. 123A, § 1, defines a sexually dangerous person as someone who (1) has been "convicted of . . . a sexual offense," as defined in § 1; (2) "suffers from a mental abnormality or personality disorder," as defined in § 1; and (3) as a result is "likely to engage in sexual offenses if not confined to a secure facility." Only the second factor is at issue here and, as to that, only whether the defendant is a "menace" for purposes of determining whether he has a mental abnormality. See *Commonwealth v. Suave,* 460 Mass. 582, 587 (2011) (explaining that term "mental abnormality" contains both medical and legal aspects and that legal aspect is whether defendant's disorder renders him menace to health and safety of others). See also *Commonwealth v. Fay, ante* 574, 580 (2014).

[2]Details of the defendant's past sexual offenses, his predicted future conduct, and the trial judge's findings are set forth in *Commonwealth v. Almeida,* 83 Mass. App. Ct. 451, 454-457 (2013).

1016                 467 Mass.

Rescript Opinions.

The judge also concluded that civil commitment on this basis did not violate the defendant's substantive due process rights. The Appeals Court affirmed, see *Commonwealth* v. *Almeida*, 83 Mass. App. Ct. 451 (2013), and we granted the defendant's application for further appellate review.

At the time of the defendant's trial, this court had not yet decided *Commonwealth* v. *Suave*, 460 Mass. 582 (2011), in which we considered, for the first time, "whether G. L. c. 123A, properly construed, permits a finding of sexual dangerousness based on an individual's history of committing noncontact sexual offenses and his likelihood of committing only noncontact offenses in the future." *Id.* at 585-586. We concluded that it could and, on the issue whether a defendant is a "menace," stated that "the Commonwealth must show the defendant's predicted sexual offenses will instill in his victims a reasonable apprehension of being subjected to a contact sex crime. A generalized fear or some other unspecified psychological harm such as shock or alarm will not suffice." *Id.* at 588. We ultimately held in the *Suave* case that the defendant's past and predicted future sexual behavior did not support a finding that he was a menace. *Id.* at 589. The *Suave* case thus does not itself provide an example of a defendant who was found to be sexually dangerous on the basis of past and predicted noncontact offenses. *Commonwealth* v. *Fay*, *ante* 574 (2014), however, which we also decide today, does. In that case we conclude that there was ample evidence to support the judge's determination that the defendant is a menace — on the basis of his past and predicted behavior involving only noncontact offenses, and child victims — and a sexually dangerous person. *Id.* at 582-583.

Because we had not yet decided the *Suave* case at the time of the defendant's trial in this case, the judge here did not have the benefit of, and did not make his findings pursuant to, that decision.[3] Therefore, although the judge did conclude that the defendant is a menace, and sexually dangerous, he did not do so within the *Suave* framework. He did not, in other words, make any finding that the defendant is a menace on the specific basis that the defendant's predicted future noncontact offenses are likely to instill in his victims "a reasonable apprehension of being subjected to a contact sex crime." *Suave*, *supra*. See *Fay*, *supra* at 581. For that reason, the case must be remanded to the trial court for further consideration in light of *Suave*.

Because the case must be remanded, we turn briefly to the other issue addressed by the parties, regarding whether civil commitment of the defendant, who has committed, and is predicted to commit in the future, only noncontact offenses, would violate his substantive due process rights. The judge concluded that it would not, but as discussed, the judge's assessment that the defendant is sexually dangerous was conducted within a framework that is no longer applicable. Because the constitutional question need be answered only if there is first a determination that the defendant is sexually dangerous, whether civil commitment of the defendant in this case would violate his constitutional rights remains an open question. Although we hold today in the *Fay* case that the civil commitment of the defendant in that case does not violate his substantive due process rights, that decision does not "define the outer contours

---

[3]Instead, the judge applied the Appeals Court decision in *Commonwealth* v. *Grant*, 73 Mass. App. Ct. 471 (2009), *S.C.*, 455 Mass. 1022 (2010). This court had granted further appellate review in that case, but the case became moot while it was pending here.

of what either the Federal or Massachusetts Constitution would permit with respect to the commitment of individuals found to be sexually dangerous," *Fay, supra* at 585, and does not answer the constitutional question here.

For the reasons stated herein, the judge's decision is vacated, and the case remanded for further proceedings consistent with this decision.

*So ordered.*

*Harry L. Miles* for the defendant.
*Mary O'Neil,* Assistant District Attorney, for the Commonwealth.

---

[1]General Laws c. 123A, § 1, defines a sexually dangerous person as someone who (1) has been "convicted of . . . a sexual offense," as defined in § 1; (2) "suffers from a mental abnormality or personality disorder," as defined in § 1; and (3) as a result is "likely to engage in sexual offenses if not confined to a secure facility."