COMMONWEALTH *vs.* HENRY WALKER. March 21, 2014. *Sex Offender. Constitutional Law,* Sex offender. *Due Process of Law,* Sex offender. *Evidence,* Sex offender, Expert opinion. *Practice, Civil,* Sex offender, Findings by judge. *Words,* "Menace."

Following a jury-waived trial, a judge in the Superior Court determined that the defendant is a sexually dangerous person and committed him to the Massachusetts Treatment Center pursuant to G. L. c. 123A, § 14 (*d*).[1] The defendant's past sexual offenses include exhibitionism, a noncontact offense, and, in at least two instances, exhibitionism accompanied by a contact offense, e.g., indecent assault and battery. The judge found that the defendant has a mental abnormality, specifically crediting the testimony of one of the experts who testified at trial that the defendant "will likely engage in future noncontact offenses, but that there is certainly a significant possibility of future contact offenses." He also found that the defendant's mental abnormality "is one that predisposes him to sexual acts to a degree that makes him a menace to the health and safety of other persons." The Appeals Court affirmed, see *Commonwealth* v. *Walker,* 83 Mass. App. Ct. 901 (2013), and we granted the defendant's application for further appellate review.

In *Commonwealth* v. *Suave,* 460 Mass. 582, 585-586 (2011), we considered, for the first time, "whether G. L. c. 123A, properly construed, permits a finding of sexual dangerousness based on an individual's history of committing noncontact sexual offenses and his likelihood of committing only noncontact offenses in the future." We concluded that a finding that a defendant is likely to commit noncontact sexual offenses could support a determination that the defendant is a "menace" only where the Commonwealth has shown that "the defendant's predicted sexual offenses will instill in his victims a reasonable apprehension of being subjected to a contact sex crime. A generalized fear or some other unspecified psychological harm such as shock or alarm will not suffice." *Id.* at 588.

Because we had not yet decided the *Suave* case at the time of the defendant's trial, the judge did not have the benefit of, and did not make his findings regarding noncontact offenses pursuant to, that decision. He did not, in other words, make any finding that the defendant is a "menace" because his predicted future noncontact offenses would be likely to instill in his victims "a reasonable apprehension of being subjected to a contact sex crime." *Suave, supra.*

_____

[1] General Laws c. 123A, § 1, defines a sexually dangerous person as someone who (1) has been "convicted of . . . a sexual offense," as defined in § 1; (2) "suffers from a mental abnormality or personality disorder," as defined in § 1; and (3) as a result is "likely to engage in sexual offenses if not confined to a secure facility."

See *Commonwealth* v. *Fay, ante* 574, 581 (2014). If the only basis for the judge's conclusion that the defendant is a "menace" were the likelihood that the defendant would commit noncontact offenses, without the further finding that these offenses would be likely to instill in his victims a reasonable apprehension of being subjected to a contact sex crime, the defendant could not be found sexually dangerous. Therefore, as we did today in *Commonwealth* v. *Almeida, ante* 1015 (2014), we remand the case to the trial court for reconsideration in light of *Suave*.

Unlike the *Almeida* case, however, which involves a defendant who committed, and is likely to commit in the future, only noncontact offenses, there was evidence in this case that the defendant might also commit future contact offenses. In crediting the testimony of one of the expert witnesses that the defendant "will likely engage in future noncontact offenses, but that there is a significant possibility of future contact offenses," the judge clearly considered both the likelihood of noncontact offenses and the "significant possibility" of contact offenses in determining whether the defendant is a "menace." The juxtaposition of "likely," referring to future noncontact offenses, and "significant possibility," referring to future contact offenses, suggests that the judge might have meant something less than "likely" in regard to the contact offenses. If the judge, in fact, did find that future contact offenses are less than likely, the possibility of future contact offenses may not be considered in determining whether the defendant is a "menace." If, however, the judge found that the defendant is likely to commit contact offenses, this likelihood alone is sufficient to support a conclusion that the defendant is a "menace," regardless of the judge's findings regarding the noncontact offenses. We are unable to discern from the record whether the judge's finding of a "significant possibility" that the defendant will commit contact offenses was intended to be a separate, independently sustainable basis for finding the defendant a "menace." Where, as we have noted, a finding that the defendant is a "menace" because he is "likely" to commit noncontact offenses is not alone sufficient in light of *Suave*, and where it is unclear from the record whether the predicted contact offenses, on their own, render the defendant a "menace," the matter must be remanded for further findings on this point as well.

We address briefly two other points raised by the defendant. He argues that his constitutional due process rights were violated because the judge found that he is a "menace," and therefore a sexually dangerous person, based on the likelihood of future noncontact offenses that would cause his victims shock and alarm. Whether the judge did so is unclear, but, if he did, such a determination would not meet the statutory basis for finding that the defendant is a "menace," pursuant to *Suave*, and there is thus no need to consider the defendant's constitutional argument.[2] Additionally, the defendant argues that certain testimony from one of the Commonwealth's expert witnesses, Dr. Michael J. Murphy, was improperly admitted. We agree with the Appeals

---

[2]The due process issue that the defendant raises here is somewhat different from the due process issue raised by the defendants in *Commonwealth* v. *Fay, ante* 574 (2014), and *Commonwealth* v. *Almeida, ante* 1015 (2014). In those cases each defendant argued that finding him sexually dangerous on the basis of noncontact offenses alone would violate his substantive due process rights. If on remand the judge in this case adjudicates the defendant sexually dangerous on the basis of noncontact offenses alone, he would then need to consider that issue. See *Commonwealth* v. *Almeida, supra* at 1016-1017.

Court, for the reasons expressed by that court, that there was no error. *Commonwealth* v. *Walker, supra* at 903.

For the reasons stated herein, the judge's decision is vacated, and the case remanded for further proceedings consistent with this decision.[3]

*So ordered.*

*Joseph M. Kenneally* for the defendant.

*Mindy S. Klenoff,* Assistant District Attorney (*Zachary Hillman,* Assistant District Attorney, with her) for the Commonwealth.

---

[3]While the defendant's appeal from the determination that he is a sexually dangerous person has been pending, he filed, in the Superior Court, a petition for discharge pursuant to G. L. c. 123A, § 9. After a trial, a jury found that the defendant remains sexually dangerous. Because we are remanding this case for further proceedings under § 14 (*d*) regarding whether the defendant is sexually dangerous, we need not decide, at this juncture, what effect, if any, the § 9 determination has on the defendant's adjudication as a sexually dangerous person. If on remand the trial judge concludes under § 14 (*d*) that the defendant is not a sexually dangerous person, the parties are free to litigate that issue in the trial court.